ZENAS L. ADAMS *vs.* INHABITANTS OF NANTUCKET.

If on a question of domicil instructions were given to the jury in the form of general propositions, which, when taken together, correctly express the law of the case and contain all necessary explanations and qualifications, a new trial will not be granted for the reason that a single passage, taken abstractly, may have been erroneous.

CONTRACT brought to recover back money paid by the plaintiff for a tax for the year 1864 illegally assessed upon him by the defendants.

At the trial in the superior court, before *Brigham*, J., the only question was upon the plaintiff's domicil on the 1st of May 1864. It appeared that he had formerly for some years lived in Nantucket, and on the 25th of April 1864 left there and went to Barnstable, where he remained for several months, until finally he went to New Bedford, where he had purchased a house before leaving Nantucket. The defendants contended that he continued to have his domicil in Nantucket until he acquired one in New Bedford, and the plaintiff contended that on the 1st of May he had a domicil in Barnstable; and there was evidence upon both sides.

The defendants requested the court to instruct the jury that if, when the plaintiff left Nantucket, his intention was to remove to New Bedford, and he never abandoned the intention of going to New Bedford to reside, and he went to Barnstable on a visit, or only to serve the temporary purpose of having a place

of abode until the house he purchased in New Bedford was ready for occupancy, and was pursuing his business in New Bedford during all the time his family was living in Barnstable, and he had no business in Barnstable, then he had no domicil in Barnstable, and the defendants would be entitled to recover in this action; and that if, when he left Nantucket, it was his intention to remove to New Bedford, which intention was never abandoned, his temporary abode with his family in Barnstable would not have the effect to control the intention; and that the jury must be satisfied that the intention of the plaintiff on the first day of May 1864 was to have his home in Barnstable, and it is immaterial what intention he had after that time as affecting the question of his domicil for taxation in 1864.

The judge declined to give these instructions in this form, but directed the jury as follows, in respect to the matter of domicil: " that a person must have a domicil somewhere, and never loses one domicil until he acquires another; that a domicil of any person is the place where he resides, regarding the place at the time as his home; that a domicil is acquired by a residence in any place which is regarded by the resident as his home; that a domicil is lost or abandoned when a resident there leaves the place of his domicil with an intent not to return and reside there again. The intent and the act must concur, either in abandoning or acquiring a domicil; an intention to remove without the act of removal is not an abandonment of domicil, and an intention to reside without the act of residence is not the acquisition of a domicil; that for the interval which necessarily elapses between the time of a person's leaving a place of his domicil with an intention not to return, and the time when he resides in another place with the intention to make it his home, the law provides that the abandoned domicil attaches to him during his transition from one domicil to another. But wherever for a definite or an indefinite time a person resides, regarding it as his home, as distinguished from a place of temporary residence or visit, there he acquires a domicil, although he has left an old domicil with an intention ultimately to acquire a domicil in some other third place."

The jury returned a verdict for the plaintiff, and the defend-ants alleged exceptions.

*G. Marston,* (*A. Macy* with him,) for the defendants. The first prayer for instructions was according to the decisions of this court. *Otis* v. *Boston,* 12 Cush. 50. *Worcester* v. *Wilbraham,* 13 Gray, 590, and cases cited. *Sears* v. *Boston,* 1 Met. 252. *Jennison* v. *Hapgood,* 10 Pick. 98. *Putnam* v. *Johnson,* 10 Mass. 501. The second and third prayers should also have been com-plied with. The instructions given were too general and indefi-nite. The statement that a man's domicil is where he resides, regarding the place as his home, was defective, because there was no instruction as to what constitutes a home. The state-ment that a domicil is lost when a resident leaves the place of his domicil with an intent not to return and reside there again was imperfect. The statement that residence for a definite time will effect a change of domicil was erroneous. *Jennison* v. *Hap-good,* 10 Pick. 98.

*O. Prescott,* for the plaintiff, cited *Mead* v. *Boxborough,* 11 Cush. 362, and cases cited.

Colt, J. The instructions in this case, though consisting of general propositions, were so framed that in the course of them all necessary qualifications and explanations were given. No exception lies to the arrangement of the sentences in the direc-tions given to the jury. We cannot presume that the jury did not understand or failed to apply all parts of the judge's charge to the facts found by them. One part of the instructions given to a jury on any point is to be taken and construed in connec-tion with other parts; and if the instructions as a whole are not erroneous a party cannot succeed in his exceptions thereto, al-though a single passage taken abstractly may be erroneous. *Jackman* v. *Bowker,* 4 Met. 235. *Mead* v. *Boxborough,* 11 Cush. 362. Whether upon the facts the jury were justified in finding a verdict for the plaintiff is not for our consideration.

*Exceptions overruled*